UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

TENISHA PERRY
    Plaintiff,

-vs.-                                    **DEMAND FOR JURY TRIAL**

PROFESSIONAL DEBT MEDIATION, INC.
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, Tenisha Perry, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Professional Debt Mediation, Inc. which is a Florida corporation that maintains offices in Oakland County, Michigan.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Wake County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt from Plaintiff originally owed to Beachwood Park Apartments for a lease.

7. Defendant first started calling Plaintiff on or about October 10, 2010.

8. When Defendant first started calling Plaintiff, it would call her cell phone, hang up, call her home phone, and then call her cell phone again. She would receive three calls from Defendant within 15 minutes every day at first. This happened for about two or three days.

9. In October 2010, Defendant's representative, "Jake Johnson," said to Plaintiff, "If we do not make payment arrangements of $109.00 per month, then we will report this to the credit bureau."

10. Plaintiff made these payment arrangements, from November 2010 through April of 2011. Despite their agreement, the Defendant reported this item to the credit bureaus anyway.

11. In October 2010, before Plaintiff made payment arrangements with Defendant, Mr. Johnson said to Plaintiff, "We can garnish your wages."

12. Plaintiff did not receive anything in writing from Defendant until November 2010.

13. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates the preceding allegations by reference.

15. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

17. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

19. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

20. Plaintiff incorporates the preceding allegations by reference.

21. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

22. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

24. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

25. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

26. Plaintiff incorporates the preceding allegations by reference.

27.  Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act  ("MCPA"), at MCL § 445.251.

28. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

29. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

30. Plaintiff has suffered damages as a result of these violations of the MCPA.

31. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a.  Actual damages.

b.  Statutory damages.

c.  Treble damages.

d.  Statutory costs and attorney fees.

Respectfully submitted,

May 19, 2011
<u>/s/ Gary Nitzkin</u>
GARY D. NITZKIN  P41155
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48034
(248) 353-2882
Fax (248) 353-4840
Email – <u>gary@micreditlawyer.com</u>